L. G. CROSBY v. ST. LOUIS SAN FRANCISCO RY.

155 So. 811.

Opinion Filed June 21, 1934.

Petition for Rehearing Denied July 5, 1934.

*William Fisher,* for Plaintiff in Error;

*Watson & Pasco & Brown,* for Defendant in Error.

BUFORD, J.—The writ of error is to review the judgment in favor of the defendant in error in condemnation proceedings under Sections 5084, *et seq.,* C. G. L.

Pertinent allegations of the petition after amendment were:

"That the petitioner is a corporation organized under the laws of the State of Missouri and duly authorized to do business in the State of Florida.

"2. That the Petitioner by its charter amongst other things is authorized and empowered to maintain, construct and operate railways, with all necessary appurtenances, yards and depots, and is now operating as a common carrier in interstate and intrastate commerce a line of railroad extending from St. Louis in the State of Missouri to Pensacola in the State of Florida.

"3. That the President and Directors of the petitioner find it necessary to the business contemplated in its charter and to its business as a common carrier by railway to acquire the title to and appropriate for the uses hereinafter particularly specified, the lands in Escambia County, Florida, hereinafter described and sought to be condemned; that the petitioner is now in the occupancy of and using the said lands, having thereon a part of its spur and switch tracks extending from its main line in Escambia County, Florida, to the plant of Pensacola Compress & Storage Company, which occupancy and use of the petitioner and its predecessors in title has been continuous since the year 1919 and prior thereto, but the petitioner has not acquired title to the said lands which it is so using, but desires to do so; that at the said plant of Pensacola Compress & Storage Company it and its predecessors in title have continuously since sometime in the year 1919 conducted the business of warehousing baled cotton for profit and compressing the same into smaller parcels and receiving and shipping such cotton in interstate and foreign commerce; that the tracks of the petitioner upon and across the property sought to be taken and acquired by this proceeding are and have been continuously since sometime in the year 1919 used by running thereon to the said compress plant to be unloaded there railroad cars loaded with cotton and other freights, and running thereon empty cars to be loaded at said plant

with baled and compressed cotton by said Pensacola Compress & Storage Company for the account of shippers having the same shipped in interstate and foreign commerce; that the said Pensacola Compress & Storage Company warehouses and compresses many thousand bales of cotton per year and some of which moves into its plant over the rails of the petitioner and over the rails of the petitioner on the lands sought hereby to be acquired and taken, the rails of the petitioner extending through several states and into the State of Florida; that the said cotton is shipped out from the said plant in carload lots, a large part of which moves over the rails of the petitioner and over its spur and switch track above mentioned from the plant of said Pensacola Compress & Storage Company to shipside at the port of Pensacola for shipment into foreign commerce, practically all cotton received at said plant being ultimately shipped from said plant in the port of Pensacola in foreign commerce; that all rail traffic to and from the plant of said Pensacola Compress & Storage Company moving over the lines of the petitioner moved over the tracks which petitioner has upon the property sought hereby to be acquired and taken and has done so since the year 1919 and prior thereto; that the spur track extending from the main line of the petitioner in Escambia County, Florida, to the said plant of Pensacola Compress & Storage Company is wholly within the State of Florida, but is a part of the railroad system of the petitioner, whose line of railway extends from St. Louis, in the State of Missouri, to Pensacola in the State of Florida."

"4. That the authority under which the petitioner claims the right to take the property hereinafter described for public use is found in Sections 4111 and 3276, *et seq.*, of the Revised General Statutes of the State of Florida, and other

statutes of the State of Florida giving railroad companies the right to exercise the power of eminent domain, including Chapter 10112 of the Acts of the Legislature of the State of Florida for the year 1925, and Section 4366 of the Revised General Statutes of the State of Florida.

"5. That a description as accurately as may be of the property sought to be taken is as follows, to-wit:"

(Then follows description of property), and then follows the allegations:

"6. The names of the occupants of the said property and the names, places of residence, legal disabilities, if any, and the interest of all owners and mortgagors of said property, so far as the same can be ascertained by diligent search, are as follows, to-wit:

"No one is in the actual occupancy of the said property except the petitioner, it occupying the same with a portion of its spur track before mentioned. The name of the owner of the said property is L. G. Crosby, who is over the age of twenty-one years and is made a party defendant to this petition, his place of residence being Pensacola, Escambia County, Florida; that no other person so far as petitioner has been able to ascertain after diligent search owns any interest in said property, or is an occupant of said property, and the said property is not encumbered by any mortgage.

"7. That the purpose of the taking of the said property is to use it for the location of all such spur tracks, side tracks, switches and other facilities as may be necessary or convenient for the use of petitioner as a common carrier by railroad in moving and transporting cotton and other freights to and from the compress of said Pensacola Compress & Storage Company over the line of railroad of the petitioner, the petitioner alleging that the said property is necessary for the said purposes herein alleged.

"8. That the petitioner intends in good faith to occupy and use the said property for the purposes above specified, and to maintain and construct the necessary tracks and facilities on and over the same for such use."

Then follows the usual prayer in such proceedings.

Rule *nisi* was issued in response to which Respondent filed his return, as to which demurrer was sustained. Amended return was filed to which demurrer was interposed and sustained.

The returns did not deny that petitioner was a common carrier engaged in transporting freight in interstate, intrastate and foreign commerce. They did not deny that the lands had been, and were then, in possession of Petitioner being used in the manner stated in the petition. The returns did not contravert any of the material allegations of the petition, but denied as a conclusion of the pleader that the lands were not required for a public purpose; alleged that the lands were sought for the purpose of serving a private corporation, the Pensacola Compress & Storage, and alleged that all necessary public purposes could be adequately served by the use of other lands owned by the petitioner, or available to petitioner for such purposes.

The return failed to allege sufficient facts to show that Petitioner was not entitled to maintain condemnation proceedings to acquire title to the lands involved and the demurrers were, therefore, properly sustained.

The judgment is affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.